PADMORE *v.* PILTZ.

*(District Court, D. Washington, W. D.*   August 6, 1890.)

1. SHIPPING—ASSAULT BY MASTER—DAMAGES.
    In a suit *in personam* by a cook against the master of an American vessel, upon proof that the master punished the cook for willful disobedience on board of the vessel in port, by assaulting and striking him upon his head with a belaying-pin, seriously injuring him, the court awarded as damages $1,500, besides the value of personal effects lost in consequence of the injury.

2. SAME—POWER TO PUNISH.
    In such a case, the assertion by the master of the lawfulness of such punishment will be regarded as an aggravation rather than a defense; a resort to the use of a weapon or violence being only justifiable when necessary to enforce instant obedience in a case of emergency at sea.

*(Syllabus by the Court.)*

In Admiralty.
*Taylor & Hammond,* for libelant.
*Applegate & Titlow,* for respondent.

HANFORD, J.   This is a suit *in personam* against the master of an American vessel, to recover damages for an assault and battery.   The proofs satisfy me that the libelant was employed as steward and cook on board the schooner called the "Robert Searles," and while so employed, on a Sunday evening, at the port of Tacoma, in this district, on board of said vessel, the master twice requested this libelant to get him a cup of tea, and, upon said request being defiantly refused, went into the galley, and there violently assaulted the libelant, striking heavy blows upon his head with a wooden belaying-pin, from the effects of which the libelant was rendered insensible for a time and quite ill for several weeks, and there is some probability that said injuries may permanently incapacitate him from enduring continuously the fatigue and heat incident to engaging in his profession as cook.   The only defense urged on the part of the master is that he acted within the limits of his lawful authority in chastising the libelant for willful disobedience of lawful commands, and that by accepting payment of the wages due him the libelant has released the master from all claims for damages.

On the facts I hold that the libelant is entitled to recover as damages such a sum as will compensate him for the injury he received, and as will also in some degree punish the master for his malicious and unwarranted conduct in resorting to extreme violence and use of a dangerous weapon.   The claim set up by this master that the law authorized him, at a civilized port, to punish disobedience of a cook by resort to measures only justifiable in case of an emergency and of actual insubordination by a member of the crew at a time of peril at sea merits rebuke, and I regard it as an aggravation of the original offense.   The proofs also clearly establish the libelant's claim for loss of part of his personal effects, which were in the vessel at the time of his injury, and were, in consequence of his inability to remove or secure them after being beaten until he was rendered insensible by the master, lost; the value being $86.50.

There is not shown, either in the defense pleaded in the answer or in the proofs, any such an agreement, based upon a valid consideration, as would release the master from liability to respond in damages for the personal injury and loss of property above mentioned. The court therefore awards the libelant damages for the personal injury in the sum of $1,500, and for loss of property in the further sum of $86.50, and costs.

Let findings and a decree be prepared accordingly.